IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

GREGORY MANDEL RHODES,                  §
TDCJ No. 01384970,                      §
     Petitioner,                       §
                                        §
v.                                      §              EP-22-CV-335-FM
                                        §
BOBBY LUMPKIN,                          §
Director, Texas Department of           §
Criminal Justice, Correctional          §
Institutions Division,                  §
     Respondent.                       §

## MEMORANDUM OPINION AND ORDER

Gregory Mandel Rhodes challenges the calculation of his prison sentence following the revocation of his parole through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Pet'r's Pet., ECF No. 1. His petition is dismissed with prejudice as time barred.

### BACKGROUND AND PROCEDURAL HISTORY

Rhodes is a 57-year-old state prisoner confined at the Bradshaw Unit in Iowa Park, Texas. *See* Texas Department of Criminal Justice (TDCJ), Inmate Information Search, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail (search for TDCJ No. 01384970) (last visited Dec. 19, 2022). His projected release date is March 29, 2028. *Id.*

Rhodes was arrested for possession of cocaine on October 26, 2005. Pet'r's Mem. in Supp., ECF No. 1-2 at 1; Clerk's R. (Re-indictment), ECF No. 6-7 at 5–6. He pleaded guilty to

---

[1] *See also Rhodes v. Lumpkin*, EP-22-CV-334-FM (challenging the calculation of his sentence for possession of a handgun by a felon in cause number 20060D02119 by the 41st District Court of El Paso County, Texas).

manufacture/delivery of a controlled substance in cause number 20060D01248 in the 384th District Court of El Paso County, Texas. Clerk's R. (J. on Plea of Guilty), ECF No. 6-7 at 7–8. He was sentenced on April 14, 2006, to fifteen years' confinement. *Id.* His maximum discharge date was established as October 26, 2020. Pet'r's Mem. in Supp., ECF No. 1-2 at 1. He was released to parole on October 4, 2012.[2] Supp. Clerk's R., ECF No. 6-10 at 32. But he violated his conditions of release, and his parole was revoked by the Board of Pardons and Paroles (the Board) on October 12, 2020. *Id.* He was not eligible to receive credit for his street time while on parole because he had a prior conviction for robbery in cause number F83-91096-HI. *Id.* at 33; *see* Tex. Gov't Code §§ 508.149(a)(11), 508.283(b); *Ex parte Hernandez*, 275 S.W.3d 895, 898 (Tex. Crim. App. 2009). As a result, he forfeited seven years, five months, and four days of street-time credit when his parole was revoked. *Id.* His maximum discharge date was also changed from October 26, 2020, to March 28, 2028. *Id.* at 32.

On January 25, 2022, Rhodes filed a state application for writ of habeas corpus challenging his time calculation. State Habeas R. (State Habeas Pet.), ECF No. 6-7 at 22–45. He included an institutional timeslip dated September 20, 2021, showing he had lost his street-time credit. *Id.* at 44. On July 27, 2022, his application was denied by the Texas Court of Criminal Appeals "without

---

[2] Rhodes erroneously stated he was released to mandatory supervision. Pet'r's Pet., ECF 1 at 6. He was released to parole. Supp. Clerk's R., ECF No. 6-10 at 33. He was not eligible for mandatory supervision because of his prior conviction for robbery. *Id.*; Tex. Gov't Code Ann. § 508.149(a)(11) (West 2001). The statute in effect when the holding offense was committed determines an inmate's eligibility for release on mandatory supervision or parole. *Ex parte Thompson*, 173 S.W.3d 458, 458–59 (Tex. Crim. App. 2005). When Rhodes committed his controlled substance offense on October 26, 2005, Section 508.149(a) was in effect and applicable to him. Clerk's R., ECF No. 6-7 at 7; Tex. Gov't Code Ann. § 508.149(a) (West 2001). Robbery was included in the list of offenses enumerated in Section 508.149(a). Tex. Gov't Code Ann. § 508.149(a)(11) (West 2001).

written order on findings of the trial court without hearing and on the court's independent review of the record." State Habeas R. (Action Taken), ECF No. 6-12.

Rhodes now contends in his federal petition filed on September 19, 2022, that the Board improperly extended his sentence by denying him credit for his street time secured while on parole. Pet'r's Mem. in Supp., ECF No. 1-2 at 2. He maintains the Board's decision caused him to remain in confinement illegally past his maximum discharge date of October 26, 2020. *Id.* He further contends the Board erred when it relied on a discharged, second-degree robbery conviction in cause number F83-91096-HI in a Dallas County court to deny him credit for his street time. *Id.* at 2–3. He argues, "[w]ithout the attachment of cause no. F83-91096-HI, the State of Texas would have no cause to hold Petitioner on cause no. 20060D01248."[3] *Id.* at 3. He asks the Court to intervene in his behalf and order the Board to disregard the robbery conviction, give him credit for time served on mandatory supervision, and grant his writ. *Id.* at 4, 6. He also asks for "an evidentiary hearing to answer any factual questions necessary to determine the merits of [his]

---

[3] *See Ct. v. Quarterman*, No. CIV. A. H-07-4579, 2008 WL 2385949, at *4 (S.D. Tex. June 9, 2008) ("Under [Tex. Gov't Code Ann.] section 508.283(c) an inmate is entitled to his "street time" credit if he satisfies a two-prong test. *See Ex parte Spann*, 132 S.W.3d 390, 392-93 (Tex.Crim.App.2004). First, the inmate must not be serving a sentence for, or have been previously convicted of, the aggravated offenses listed in section 508.149(a). *Id.*; *see also* Tex. Gov't Code Ann. § 508.149(a) (indicating that an inmate may not be released on mandatory supervision if he is serving a sentence for or has been previously convicted of such offenses as murder, aggravated kidnapping, and sexual assault [and second-degree robbery, in violation of Texas Penal Code § 29.02]). Second, the inmate will receive credit if the "remaining portion" of his sentence is less than the amount of time he spent out on parole. *Id.* at 392. The "remaining portion" of an inmate's sentence under section 508.283(c) is the part of the sentence remaining at the release date, less time spent on parole. *Id.* at 396. The offender's parole ends on the date the revocation summons is issued. *Id.* at 393 n. 6 (construing § 508.283(c)). Thus, in *Spann* the Texas Court of Criminal Appeals held that an inmate sentenced for an offense that was not subject to section 508.149(a) was entitled to "street time" because having spent five years and two months on parole, his remaining sentence at his release date (four years and ten months) was shorter than the time spent on parole. *Id.* at 396 (applying § 508.283(c).").

claim." *Id.*

## APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

As a result, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court adjudicated the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). They must defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). Finally, they must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30

(1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

Additionally, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)–(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance [comply] with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for " 'garden variety claims of excusable neglect.' " *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only " 'in rare and exceptional circumstances.' " *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, " 'or is prevented in some

extraordinary way from asserting his rights.' " *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). However, " '[e]quity is not intended for those who sleep on their rights.' " *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' " *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

The petitioner has the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

Rhodes does not now challenge his conviction for the manufacture/delivery of a controlled substance.[4] 28 U.S.C. § 2244(d)(1)(A). He does not claim an unconstitutional "state action" prevented him from filing for federal relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). His claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *Id.* § 2244(d)(1)(C). Accordingly, his limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

---

[4] *See Rhodes v. Lumpkin*, EP-22-CV-225-FM (challenging Lumpkin's custody of him based on his conviction for possession of a controlled substance in cause number 20060D01248 in the 384th District Court of El Paso County, Texas).

§ 2244(d)(1)(D).

Rhodes's grounds for relief relate to the calculation of his prison sentence following his parole revocation. *See* Pet'r's Pet., ECF 1 at 6–7. And he mischaracterizes the nature of the calculation in his petition. Pet'r's Mem. in Supp., ECF No. 1-2 at 2–3. His sentence was not altered or extended by the Board; he forfeited the street-time credit he earned while paroled in accordance with state law. Resp't's Resp., Ex. A, ECF No. 8-1 at 4 (citing Tex. Gov't Code §§ 508.149(a)(11), 508.283(b)).

Consequently, his federal limitations period began on or about October 12, 2020, the date his parole was revoked, and his sentence was recalculated. Supp. Clerk's R., ECF No. 6-10 at 32. He could have discovered, through the exercise of due diligence, the factual predicate of his time-calculation claims on or about this date. 28 U.S.C. § 2244(d)(1)(D). Using this as the factual predicate date, his federal limitations period expired one year later on or about October 12, 2021, absent statutory or equitable tolling. He received a timeslip on September 21, 2021, indicating he had lost his street-time credits. Clerk's R., ECF No. 6-7 at 44. Yet he waited until January 25, 2022, to file his state writ application. State Habeas R. (State Habeas Pet.), ECF No. 6-7 at 22. Consequently, his state writ application did not statutorily toll the limitations period because he filed it after it had expired. 28 U.S.C. § 2244(d)(2); *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Moreover, he cannot meet his burden of showing an entitlement to equitable tolling because he has not pursued his claims diligently, and he has not shown that some extraordinary circumstance stood in his way of him timely filing a § 2255 motion. *Lawrence*, 549 U.S. at 336.

7

## EVIDENTIARY HEARING

Rhodes asks the Court to "conduct an evidentiary hearing to answer any factual questions necessary to determine the merits of [his] claim." Pet'r's Mem. in Supp., ECF No. 1-2 at 6.

A motion brought pursuant to § 2255 may be denied without a hearing only if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

The Court finds the record is adequate to dispose fully and fairly of Petitioner's claims. The Court further finds that it need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and

8

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds reasonable jurists could not debate its reasoning for dismissing Rhodes's claims on procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Rhodes's § 2254 petition is time barred, Rhodes is not entitled to equitable tolling, and it need not address the merits of Rhodes's claims. The Court further concludes that Rhodes is not entitled to a certificate of appealability. The Court accordingly enters the following orders:

**IT IS ORDERED** that Rhodes's *pro se* "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Rhodes is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 20th day of December 2022.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE